Brian S. Kabateck (SBN 152054)
bsk@kbklawyers.com
Drew R. Ferrandini (SBN 285102)
df@kbklawyers.com
Lina B. Melidonian (SBN 245283)
lm@kbklawyers.com
**KABATECK BROWN KELLNER LLP**
Engine Company No. 28 Building
644 South Figueroa Street
Los Angeles, CA  90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Brian D. Chase (SBN 164109)
bchase@bisnarchase.com
Jerusalem F. Beligan (SBN 211258)
jbeligan@bisnarchase.com
**BISNAR | CHASE LLP**
One Newport Place
1301 Dove Street, Suite 120
Newport Beach, CA 92626
Telephone: (949) 752-2999
Facsimile: (949) 752-2777

Benjamin F. Johns (*pro hac vice*)
BFJ@chimicles.com
Andrew W. Ferich (*pro hac vice*)
AWF@chimicles.com
Jessica L. Titler (*pro hac vice*)
JT@chimicles.com
**CHIMICLES & TIKELLIS LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633

*Counsel for Plaintiff and Putative Class*

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR HERRERA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS USA, INC.; LG ELECTRONICS MOBILECOMM U.S.A., INC.; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

1

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Oscar Herrera ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Defendants LG Electronics U.S.A., Inc. ("LG"), LG Electronics Mobilecomm U.S.A., Inc. ("LGEMU"), and DOES 1 to 10 (collectively "Defendants"), and in support thereof avers the following based upon personal information and the investigation of his counsel:

## INTRODUCTION

1.      This is a class action lawsuit brought by Plaintiff on behalf of himself and a class of consumers who purchased a LG V10 smartphone (the "Phone") that suffers from a "bootloop" defect (the "Defect").  As the numerous complaints posted on product reviews, blogs and other consumer resources reveal, consumers have experienced the bootlooping problem on their LG V10 phones.

2.      The bootloop defect often arises without warning, and puts the Phone into a death-spiral wherein it will suddenly switch off and then remain stuck on LG's "Life's Good" screen.  When this occurs, the Phone is completely unresponsive and non-functional.  It has been reported that the problem originates from a hardware defect that causes the Phone to overheat.  Whatever the origin of the problem may be, it has left consumers with smartphones that do not work as intended and, in the case of instances where the Defect manifests even slightly outside of the warranty period, with no recourse.  Even in instances where Defendants have replaced the Phone under warranty, consumers have had to wait several days or weeks to receive an accommodation – which often ends up being a new V10 that suffers from the same defective design.  Consumers have also reported losing photos and data that was stored on the bootlooped phone, and being denied warranty coverage under the pretense that the screen is scratched.

3.      Despite the fact that Defendants were aware or should be aware of the Defect, Defendants fail to disclose the Defect to Phone purchasers and lessees, and they routinely refuse to provide repairs free of charge for consumers whose Phones

have manifested the bootloop defect shortly after the warranty expired.  Upon information and belief, some mobile phone providers have charged consumers a "warranty" or similar fee when the Phones have exhibited the Defect while still in the warranty period.

4.      As a result of the Defect and the monetary costs associated with repairs, Plaintiff and class members have suffered injury in fact, incurred damages, and have otherwise been harmed by Defendants' conduct.

5.      Accordingly, Plaintiff seeks redress for Defendants' violations of various state consumer protection and state and federal warranty laws.  Plaintiff also seeks recovery for monetary and equitable relief for Defendants' failure to implement or honor the terms of its warranty, breaches of implied warranties, unjust enrichment, and declaratory relief.

## <u>JURISDICTION AND VENUE</u>

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States and pursuant to 28 U.S.C. § 1332(d) because: (i) there are 100 or more class members; (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs; and (iii) because at least one plaintiff and defendants are citizens of different states.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants transact business in this district, is subject to personal jurisdiction in this district, and is therefore deemed to be a citizen of this district.  Additionally, Defendants have advertised in this district and have received substantial revenue and profits from its sales of Phones in this district; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district.

8.      This Court has personal jurisdiction over Defendants because it has conducted substantial business in this judicial district and intentionally and

purposefully placed its V10 smart phones into the stream of commerce within this district and throughout the United States.

**PARTIES**

9.      Plaintiff resides in Paso Robles, California.  On October 30, 2015, he purchased a LG V10 from a Verizon store located in San Luis Obispo, California. Herrera paid $672 for his new V10 phone (serial number 510KPNY0013975), in addition to a phone cover and glass screen protector that he also bought for the new Phone.

10.      Shortly after the one year warranty on Plaintiff's Phone expired, he experienced the bootloop problem, which rendered his Phone completely useless.  Mr. Herrera presented his Phone to Defendants for repair, but was told that his Phone was not eligible for coverage because the warranty had expired.

11.      Plaintiff has suffered an ascertainable loss as a result of Defendants' omissions and/or misrepresentations associated with the Defect, including, but not limited to, out-of-pocket losses, future repairs, and diminished value of his Phone.

12.      Defendant LG Electronics U.S.A., Inc. is, upon information and belief, a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

13.      Defendant LG Electronics Mobilecomm U.S.A., Inc. is, upon information and belief, a corporation organized and existing under the laws of the state of California, with its principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. LGEMU is engaged in the business of distributing and selling LG consumer products, including the V10 smartphone, as well as providing sales and marketing support for LG in North America.

14.      DOES 1 to 10 are now, and/or at all times mentioned in this complaint, licensed to do business and/or actually doing business in the State of California. Plaintiff does not know the true names or capacities, whether individual, partner or

corporate, of DOES 1 to 10 and for that reason, DOES 1 to 10 are sued under such fictitious names.  Plaintiffs will seek leave of court to amend this complaint to allege such names and capacities as soon as they are ascertained.

15.    Defendants, and each of them, are now, and/or at all times mentioned in this complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this complaint.  Defendants proximately caused Plaintiffs, all others similarly situated to be subjected to the unlawful practices, wrongs, complaints, injuries, and/or damages alleged in this complaint.  Defendants, and each of them, are now, and/or at all times mentioned in this complaint were the agents, servants, and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this complaint, Defendants are now and/or at all times mentioned in this complaint were acting within the course and scope of that agency, servitude, and/or employment.

16.    Defendants, and each of them, are now, and/or at all times mentioned in this complaint members of, and/or engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership, and common enterprise.  Furthermore, Defendants, may have been the alter ego and acting in the same or similar capacity as Defendants, in the treatment of Plaintiff, such that it would be unjust to provide separate legal treatment of said Defendants who, at all relevant times, acted jointly and severally to deprive Plaintiff of his rights under state and federal law.  Defendants, and each of them, at all times mentioned in this complaint concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and/or damages alleged in this complaint.  Defendants, and each of them, at all times mentioned in this complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this complaint.

17.    Defendants, and each of them, at all times mentioned in this complaint

aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this complaint.

## **FACTUAL ALLEGATIONS**

18.     In July 2015, President of LG Cho Jun-ho hinted at a "super premium phone" to be delivered later in the year.  The Phone was apparently to be a "niche" market device for "premium" users.[1]  The phone LG's President was referring to would later be revealed to be the V10.

19.     On October 1, 2015, the LG V10 smartphone was unveiled.  It was advertised by Defendants as "a smartphone with creativity in mind" that featured "multimedia capabilities never before seen in a mobile device."  It was designed to "provide a rich multimedia experience" for "savvy consumers."  Defendants' initial press release announcing the V10 described the V10 and its capabilities as "high-grade," "distinctive," "impressive," "tough," "resilient," "advanced," and "best-in-class."[2]  An image of the V10 is below:

20.     The LG V10 smartphone is now sold at AT&T, Verizon, T-Mobile, and



[1] http://www.phonearena.com/news/LG-to-release-a-super-premium-phone-this-year-tips-CEO-is-that-you-G4-Pro_id71867 (last visited February 6, 2017).
[2] http://www.lgnewsroom.com/2015/10/lg-unveils-v10-a-smartphone-designed-with-creativity-in-mind/ (last visited February 6, 2017).

6

CLASS ACTION COMPLAINT

1    other retailers for approximately $600 or more.[3]

2        21.    The V10 has two displays and two five-megapixel front cameras.  The

3    Phone also comes with a specialized manual video mode, allowing users to manipulate

4    the shutter speed, recording settings, ISO, frame rate, focus and white balance, as well

5    as comes with the following features: microSD slot, 64GB of storage, 4GB of RAM,

6    sixteen-megapixel rear camera, a Snapdragon 808 processor, and a 3,000mAh

7    removable battery.[4]  The V10 utilized a stainless steel frame that Defendants dubbed

8    the "Dura Guard" frame.[5]

9        22.    An excerpt of an image from an early advertisement for the Phone, which

10   touts its ability to expand memory and save photos, is below:



[3] http://www.phonearena.com/news/LG-V10-price-and-release-date_id74325 (last
visited February 6, 2016).
[4] http://www.techtimes.com/articles/90285/20151002/lg-unveils-v10-smartphone-
with-two-front-cameras-and-two-screens.htm (last visited February 6, 2017).
[5] https://www.neowin.net/news/lg-unveils-v10-a-premium-smartphone-with-dual-
displays-and-dual-front-facing-cameras (last visited February 6, 2017).

7

CLASS ACTION COMPLAINT

23.     Unbeknownst to consumers, the V10 suffered from an internal defect that inevitably causes it to get stuck on its home screen.  An image of an LG phone exhibiting this bootloop issue is below:



24.     Defendants had similar bootlooping problems with an earlier generation phone known as the G4.  The G4 reportedly had an issue with a solder joint on its board that caused it to overheat.

25.     Plaintiff's experience with the V10 is by no means an isolated occurrence; the internet is replete with complaints by consumers who recently purchased a LG V10 phone, only to experience the same bootloop problem.  Examples of some of these complaints are below:

Amazon Review,[6] written by Wade, published November 13, 2016

11 of 15 people found the following review helpful

★☆☆☆☆ **AVOID AT ALL COSTS....,** November 13, 2016

By **Wade**

Verified Purchase (What's this?)

This review is from: **LG V10 H901 64GB Space Black - T-Mobile (Wireless Phone Accessory)**

I was really impress with the speed and functionality of the phone right up till the BOOTLOOP struck LITERALLY 5 hrs after i recieved it. Most of the reviews youll find out there about this phone are great. Then you research this issue and its REALLY WIDESPREAD issue. that LG barely acknoledges. Just look up this issue yourself.......

Help other customers find the most helpful reviews      Report abuse   Permalink

Was this review helpful to you?  [Yes]  [No]

Amazon Review, written by JD[7]

★★☆☆☆ Buyers...Beware!

By JD on December 1, 2016

Color: T-Mobile + Unlocked, Black   **Verified Purchase**

I loved this phone. I am a prime member so I got the phone two day later after I ordered it. The phone is beautiful, well built. Received the phone on friday, set it up and made it mine until Sunday, the day the phone went on a bootloop and just died. Thankfully I purchase most of my items from Amazon, so returning the phone wasn't a big deal. Know this: If you purchase this phone new it will probably give you 8 months until it croaks. However if you purchase it used you really don't know how much time you have. It could be hours, days, or weeks. But know this: it will eventually bootloop on you. This is a manufacturer defect that is all over the internet about this phone. I didn't do my research before purchasing the phone. So, future buyers, beware!

▸ Comment   8 people found this helpful. Was this review helpful to you?  [Yes]  [No]  Report abuse

---

[6] https://www.amazon.com/gp/customer-reviews/R2MNV7JZ6YZDMP/ref=cm_cr_arp_d_rvw_ttl?ie=UTF8&ASIN=B01LYJQWAM (last visited February 6 ,2017)

[7] https://www.amazon.com/gp/customer-reviews/R3U4N4DVDQA4JK/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B01AR9OOGE (last visited February 7, 2017)

CLASS ACTION COMPLAINT

1

2   Tweet published by Paul M. Williams[8] on November 25, 2016

3

4   **Paul M Williams**
    @PaulMWilliams5                                    👤 Follow   ⌄

5   my LG V10 HAS BOOTLOOP PROBLEM it
6   stays pn the logo and I cant reset the factory
7   settings I paid a lot of money bought in feb no
    good
8
    RETWEET     LIKES
9   1           2

10  8:24 AM - 25 Nov 2016

11  ↩ 1        ⇄ 1        ♥ 2

12  Twitter Post Published by MommyFab [project][9]

13

14  **#MommyFab [project]**
    @EfabulousHB                                      👤 Follow   ⌄
15
    @LGUSAMobile @att my LG V10 is in a
16  endless bootloop & I am partnering with Toyota
17  to covet the SWAC game!!! I need a
18  replacement ASAP. 😫
    RETWEET     LIKE
19  1           1

20  10:24 PM - 1 Dec 2016

21  ↩ 1        ⇄ 1        ♥ 1

22

23

24

25

26  ─────────────────
    [8] https://twitter.com/PaulMWilliams5/status/802186080908873728 (last visited
27  February 6, 2017)
    [9] https://twitter.com/EfabulousHB/status/804571984474603520 (last visited February
28  6, 2016)

CLASS ACTION COMPLAINT

Comment by Natalie Herrick[10]



**Natalie Herrick** I am having the same issue. I have a V10 though. It's about 7 months old. A scratch on the front and LG sent me an email stating the warrant is void because of the scratch. Obviously the scratch didn't cause it if others are having the same problem. This is ridiculous!

Like · Reply · ⬤ 1 · June 7, 2016 at 12:55pm

Facebook Post, by Roderick Alexander[11]

**Roderick Alexander** ▶ **LG USA Mobile** ✓
September 20, 2016 · 🌐

I purchased my LG V10 in January 2016, because my LG G4 stopped working because of the boot loop issue. Now 8 months later, low and behold...the same boot loop issue on the V10. My question is why would you release a new version of a phone with the same issues as the previous version? Also, why would I even waste my time or money supporting your devices knowing that you release them with issues? How do we know that the v20 won't have the same issue? Im very disappointed in LG...I WAS a proud LG consumer, was even about to purchase the LG Washer and Dryer. I'm sure you know this won't be happening, and I will not be purchasing another LG product, and I WILL be discouraging anyone I from doing the same. This is nothing but Planned Obsolescence, and I refuse to be a part of your games any longer.

Facebook post, by Josh Sheehan[12]

**Josh Sheehan** ▶ **LG USA Mobile** ✓
July 19, 2016 · 🌐

So my v10 is stuck in a boot loop. I see I'm not the only person to have this issue and I want to know how you are resolving this issue. Not very happy and your website wouldn't let me send an email to customer service to try and figure out the problem.

---

[10] https://www.facebook.com/LGUSAMobile/posts/1010423778992867?comment_id=1011465752222003&comment_tracking=%7B%22tn%22%3A%22R5%22%7D (last visited February 6, 2017)
[11] https://www.facebook.com/LGUSAMobile/posts/1079439342091310 (last visited February 7,2017)
[12] https://www.facebook.com/LGUSAMobile/posts/1034576709910907 (last visited February 7, 2017)

YouTube Comment, Left by Jimmy Hernandez[13]



Comment Left on Petition by Nick Martinez[14]



Comment Left on Petition by Robert Allender



---

[13] https://www.youtube.com/watch?v=aT4gTWn4gpM&lc=z12fgju45sazgzosw23kgnjqqs2eg14zh04 (last visited February 6,2017)

[14] https://www.change.org/p/lg-electronics-lg-v10-boot-loop-of-death/c?source_location=petition_show (last visited February 6, 2017)

CLASS ACTION COMPLAINT

IPetition[15]

> Leanne Roe United States, Chicago                               Dec 15, 2016
>
> I had the LG V10 as of December 14,2016....on the eve of the 13,2016 it went into reboot loop had to
> get a new phone through T-Mobile and now out what I've paid for the lgv10 and money for a new
> phone.....customer service and in store service was horrible with the issue ...only option was to get a new
> phone

Comment posted by Uscmule[16]



> uscmule · 6 months ago
> Im on my 3rd factory warranty v10. All went into boot loop failure mode. You should
> remove 'might' from the title of this article.
> 2 ∧ | ∨ · Reply · Share ›

Comment posted by Mav[17]



> Mav · 5 months ago
> Got the V10 in 12/15. No hacks or otherwise, just the stock phone, always keep up
> to date, been working great. I'm out of town on business this week and this morning
> while checking email, it reset twice and is now stuck in the bootloop nonsense. Of
> course I don't have a viable backup of data which is terrible, but have no working
> phone. I could see going to a Note-7, but since they were pulled from the market for
> catching on fire, I don't know what to think at this point.
> 1 ∧ | ∨ · Reply · Share ›

    26.    Some consumers have even initiated a petition on change.org to get Defendants to address the bootloop problem.[18]  As of February 6, 2017, the petition had garnered signatures from some 172 supporters.[19]

---

[15] https://www.ipetitions.com/petition/lg-v10-boot-loop-of-death (last visited February 7, 2017)

[16] http://www.androidauthority.com/deal-amazon-selling-samsung-gear-360-226-349-747944/#comment-2848404636 (last visited February 7, 2017)

[17] http://www.androidauthority.com/lg-v10-bootloop-problem-711334/ (last visited February 7, 2017)

[18] *See* https://www.change.org/p/lg-electronics-lg-v10-boot-loop-of-death (last visited February 6, 2017).

[19] *Id.*

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this lawsuit on behalf of himself and all similarly situated individuals and entities, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2) and 23(b)(3):

> All persons or entities who (a) currently own a LG V10 Phone and/or (b) previously owned LG V10 Phone, and can be identified as having incurred out-of-pocket expenses related to the bootloop defect (the "Class").

28.     Excluded from the Class are LG, its affiliates, subsidiaries, parents, successors, predecessors, any entity in which LG or its parents have a controlling interest; LG's current and former employees, officers and directors; the Judge(s) and/or Magistrate(s) assigned to this case; any person who properly obtains exclusion from the Class; any person whose claims have been finally adjudicated on the merits or otherwise released; and the parties' counsel in this litigation.  Plaintiff reserves the right to modify, change, or expand the Class definition based upon discovery and further investigation.

29.     **Numerosity**: Upon information and belief, the Class is so numerous that joinder of all members is impracticable.  While the exact number and identities of individual members of the Class are unknown at this time, such information being in the sole possession of Defendants and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, that thousands of Class members have been subjected to the conduct by Defendants herein alleged.

30.     **Existence and Predominance of Common Questions of Fact and Law**: Common questions of law and fact exist as to all members of the Class.  These questions predominate over the questions affecting individual Class members.  These common legal and factual questions include, but are not limited to:

    a)     Whether the Phones are defective in that they are prone to fail prematurely due to the bootloop defect;

    b)     Whether Defendants knew of the Defect but failed to disclose the

problem and its consequences to their customers;

    c)    Whether a reasonable consumer would consider the Defect or its consequences to be material;

    d)    Whether Defendants' conduct violates state and federal warranty laws and other laws as asserted herein;

    e)    Whether Plaintiff and the other Class members overpaid for their Phones as a result of the Defect alleged herein;

    f)    Whether Plaintiff and the other Class members are entitled to equitable relief including, but not limited to, restitution or injunctive relief; and

    g)    Whether Plaintiff and the other Class members are entitled to damages and other monetary relief and, if so, in what amount.

31.    **Typicality**: All of Plaintiff's claims are typical of the claims of the Class since Plaintiff and all Class members were injured in the same manner by Defendants' uniform course of conduct described herein.  Plaintiff and all Class members have the same claims against Defendants relating to the conduct alleged herein, and the same events giving rise to Plaintiff's claims for relief are identical to those giving rise to the claims of all Class members.  Plaintiff and all Class members sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of Defendants' wrongful conduct as described herein.  Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class members.

32.    **Adequacy:** Plaintiff is an adequate representative for the Class because his interests do not conflict with the interests of the Class that he seeks to represent; Plaintiff has retained counsel competent and highly experienced in complex class action litigation – including consumer fraud class action cases – and counsel intends to prosecute this action vigorously.  The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

33.    **Superiority:** A class action is superior to all other available means of

fair and efficient adjudication of the claims of Plaintiff and all Class members. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them by Defendants. Even if Class members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, *inter alia*, the records (including databases, e-mails, etc.) Defendants and retailers maintain regarding sales of the Phones. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

34.    Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

35.    Given that Defendants have engaged in a common course of conduct as to Plaintiff and the Class, similar or identical injuries and common law and statutory violations are involved and common questions far outweigh any potential individual questions.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

### (CAL. BUS. & PROF. CODE §§ 17200, *et seq.*)

16

CLASS ACTION COMPLAINT

36.     Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

37.     California's Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et seq*., proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

38.     Defendants' conduct, as described herein, was and is in violation of the UCL.  Defendants' conduct violates the UCL in at least the following ways:

a.     By knowingly and intentionally concealing from Plaintiff and the other Class members the existence of the bootlooping defect in the V10 phones;

b.     By marketing the Phones as being functional and not possessing a design defect that would render them useless; and

c.     By violating other California laws, including California laws governing false advertising and consumer protection.

39.     Defendants' misrepresentations and omissions alleged herein caused Plaintiff and the other Class members to make their V10 smartphone purchases. Absent these misrepresentations and omissions, Plaintiff and the other Class members would not have purchased these V10 smartphones at the prices they paid, and/or would not have purchased them at all.

40.     Accordingly, Plaintiff and the other Class members have suffered injury in fact, including lost money or property, as a result of Defendants' misrepresentations and omissions.

41.     Plaintiff seeks to enjoin further unlawful, unfair, and/or fraudulent acts or practices by Defendants under CAL. BUS. & PROF. CODE § 17200.

42.     Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin Defendants from continuing their unfair, unlawful, and/or deceptive practices, and to restore to Plaintiff and members of the Class any money

they acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in CAL. BUS. & PROF. CODE §§ 17203 & 3345; and for such other relief set forth below.

### COUNT II

## VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT
### (CAL. BUS. & PROF. CODE §§ 1750, *et seq.*)

43.     Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

44.     California's Consumers Legal Remedies Act ("CLRA"), CAL. BUS. & PROF. CODE § 1750, *et seq.*, proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale of goods or services to any consumer."

45.     The V10 smartphones are "goods" as defined in CAL. BUS. & PROF. CODE § 1761(a).

46.     Plaintiff and the other Class members are "consumers" as defined in CAL. BUS. & PROF. CODE § 1761(d), and Plaintiff, the other Class members, and Defendants are "persons" as defined in CAL. BUS. & PROF. CODE § 1761(c).

47.     As alleged above, Defendants made numerous representations concerning the benefits, performance, and capabilities of the V10 smartphones that were misleading.

48.     In purchasing the V10 smartphones, Plaintiff and the other Class members were deceived by Defendants' failure to disclose that the V10 smartphones were equipped with the bootloop defect.

49.     Defendants' conduct, as described herein, was and is in violation of the CLRA. Defendants' conduct violates at least the following enumerated CLRA provisions:

        a.     CAL. CIV. CODE § 1770(a)(2): Misrepresenting the approval or certification of goods;

b.    CAL. CIV. CODE § 1770(a)(5): Representing that goods have sponsorship, approval, characteristics, uses, benefits, or quantities which they do not have;

c.    CAL. CIV. CODE § 1770(a)(7): Representing that goods are of a particular standard, quality, or grade, if they are of another;

d.    CAL. CIV. CODE § 1770(a)(9): Advertising goods with intent not to sell them as advertised; and

e.    CAL. CIV. CODE § 1770(a)(16): Representing that goods have been supplied in accordance with a previous representation when they have not.

50.    Plaintiff and the other Class members have suffered injury in fact and actual damages resulting from Defendants' material omissions and misrepresentations because, *inter alia,* they lost money when they purchased the V10 smartphones or paid an inflated purchase price for the V10 smartphones.

51.    Defendants knew, should have known, or were reckless in not knowing that the defective design and/or manufacture of the V10 smartphones rendered them not suitable for their intended use.

52.    The facts concealed and omitted by Defendants to Plaintiff and the other Class members — that the V10 smartphones are defective and would fail prematurely — are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase the V10 smartphones or pay a lower price. Had Plaintiff and the other Class members known about the defective nature of the V10 smartphones, they would not have purchased the V10 smartphones or would not have paid the prices they paid.

53.    This cause of action seeks injunctive relief at this time.  However, Plaintiff sent a CLRA notice to LG on February 7, 2017 and a CLRA notice to LGEMU on February 8, 2017, providing the notice required by CAL. CIV. CODE § 1782(a). Plaintiff sent the CLRA notices via certified mail, return receipt requested, to LG's and

LGEMU's principal place of business, advising them that they are in violation of the CLRA and must correct, replace or otherwise rectify the goods and/or services alleged to be in violation of CAL. CIV. CODE § 1770.  LG and LGEMU were further advised that in the event the relief requested has not been provided within thirty (30) days, Plaintiff will amend his complaint to include a request for monetary damages pursuant to the CLRA.  True and correct copies of Plaintiff's CLRA notices sent to LG and LGEMU are attached hereto as Exhibits A and B, respectively.  If Defendants do not correct, replace, or otherwise rectify the goods and/or services alleged in either Plaintiff's CLRA notice or this complaint within the statutorily proscribed 30-day period, Plaintiff will amend his complaint to seek both injunctive relief and monetary damages against Defendants pursuant to the CLRA, CAL. CIV. CODE §§ 1781 and 1782.

54.     Under CAL. CIV. CODE § 1780(b), Plaintiff seeks an additional award against Defendants of up to $5,000 for each Class member who qualifies as a "senior citizen" or "disabled person" under the CLRA.

55.     Plaintiff further seeks an order enjoining Defendants' unfair or deceptive acts or practices, restitution, punitive damages, costs of court, attorneys' fees under CAL. CIV. CODE § 1780(e), and any other just and proper relief available under the CLRA.

56.     Pursuant to CAL. CIV. CODE § 1780(d) of the CLRA, attached hereto as Exhibit C is an affidavit showing that this action has been commenced in the proper forum.

## COUNT III

### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW
### (CAL. BUS. & PROF. CODE §§ 17500, *et seq.*)

57.     Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

58.     CAL. BUS. & PROF. CODE § 17500 states:  "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property

. . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

59.     Defendants caused to be made or disseminated through California and the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendants, to be untrue and misleading to consumers, including Plaintiff and the other Class members.

60.     Defendants have violated CAL. BUS. & PROF. CODE § 17500 because the misrepresentations and omissions regarding the reliability and functionality of V10 smartphones, as set forth in this complaint, were material and likely to deceive a reasonable consumer.

61.     Plaintiff and the other Class members have suffered an injury in fact, including the loss of money or property, as a result of Defendants' unfair, unlawful, and/or deceptive practices.  In purchasing their V10 smartphones, Plaintiff and the other Class members relied on the misrepresentations and/or omissions of Defendants with respect to the performance and reliability of the V10 smartphones.  Defendants' representations turned out not to be true because the V10 smartphones are defective.

62.     All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendants' business.  Defendants' wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated, both in the state of California and nationwide.

63.     Plaintiff, individually and on behalf of the other Class members, requests that this Court enter such orders or judgments as may be necessary to enjoin Defendants from continuing their unfair, unlawful, and/or deceptive practices and to

restore to Plaintiff and the other Class members any money Defendants acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

## COUNT IV

## FRAUD BY CONCEALMENT

64. Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

65. Defendants concealed and suppressed material facts concerning the quality of its V10 phones and the LG brand.

66. Defendants concealed and suppressed material facts concerning the performance, and quality of the V10 smartphones. Defendants did so in order to boost sales of their V10 smartphones.

67. Plaintiff and Class members had no way of knowing that Defendants' representations were false and gravely misleading. Plaintiff and Class members did not, and could not, unravel Defendants' deception on their own.

68. Defendants had a duty to disclose the true performance of the Phone because knowledge of the scheme and its details were known and/or accessible only to Defendants; Defendants had superior knowledge and access to the facts; and Defendants knew the facts were not known to, or reasonably discoverable, by Plaintiff and the Class. Defendants also had a duty to disclose because they made many general affirmative representations about the about the qualities of the V10 smartphones.

69. On information and belief, Defendants still have not made full and adequate disclosures, and continue to defraud Plaintiff and the Class by concealing material information regarding the performance of their smartphones.

70. Plaintiff and the Class were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed and/or suppressed facts, in that they would not have purchased the V10 smartphones manufactured by LG, or would have taken other affirmative steps. Plaintiff's and the Class members'

1   actions were justified.  Defendants were in exclusive control of the material facts and

2   such facts were not known to the public, Plaintiff, or the Class.

3        71.     Because of the concealment and/or suppression of the facts, Plaintiff and

4   the Class sustained damage because they did not receive the value of the premium price

5   paid for their V10 smartphones.  Plaintiff who purchased the V10 smartphones would

6   have paid less for them or would not have purchased them at all.

7        72.     Accordingly, Defendants are liable to the Class for damages in an

8   amount to be proven at trial.

9        73.     Defendants' acts were done maliciously, oppressively, deliberately, with

10  intent to defraud, and in reckless disregard of Plaintiff's and the Class's rights and

11  well-being to enrich Defendants.  Defendants' conduct warrants an assessment of

12  punitive damages in an amount sufficient to deter such conduct in the future, which

13  amount is to be determined according to proof.

14                              **<u>COUNT V</u>**

15        **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

16                        **(CAL. COM. CODE § 2314)**

17        74.     Plaintiff realleges and incorporates by reference all paragraphs as though

18  fully set forth herein.

19        75.     Plaintiff brings this count on behalf of the Class.

20        76.     Defendants are and were at all relevant times merchants with respect to

21  the V10 smartphones under CAL. COM. CODE § 2014.

22        77.     A warranty that the V10 smartphones were in merchantable condition is

23  implied by law in the instant transactions, pursuant to CAL. COM. CODE § 2314.  These

24  phones, when sold and at all times thereafter, were not in merchantable condition and

25  are not fit for the ordinary purpose for which phones are used.

26        78.     Defendants were provided notice of these issues by complaints lodged

27  by consumers with blogs, warranty claims and elsewhere.

28        79.     As a direct and proximate result of Defendants' breach of the warranties

**CLASS ACTION COMPLAINT**

of merchantability, Plaintiff and the other Class members have been damaged in an amount to be proven at trial.

**COUNT VI**

**VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

**(CAL. CIV. CODE §§ 1791.1 & 1792)**

80.    Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

81.    Plaintiff and the other Class members who purchased V10 smartphones in California are "buyers" within the meaning of CAL. CIV. CODE § 1791(b).

82.    The V10 smartphones are "consumer goods" within the meaning of CAL. CIV. CODE § 1791(a).

83.    LG is a "manufacturer" of the V10 smartphones within the meaning of CAL. CIV. CODE § 1791(j).

84.    Defendants impliedly warranted to Plaintiff and the other Class members that their V10 smartphones were "merchantable" within the meaning of CAL. CIV. CODE §§ 1791.1(a) & 1792; however, the V10 smartphones do not have the quality that reasonable consumers would expect and are not fit for the ordinary purposes of which such goods are used.

85.    CAL. CIV. CODE § 1791.1(a) states:

"Implied warranty of merchantability" or "implied warranty that goods are merchantable" means that the consumer goods meet each of the following:

(1)    Pass without objection in the trade under the contract description.

(2)    Are fit for the ordinary purposes for which such goods are used.

(3)    Are adequately contained, packaged, and labeled.

(4)    Conform to the promises or affirmations of fact made on the container or label.

86.    The V10 smartphones would not pass without objection in the smartphone

24

**CLASS ACTION COMPLAINT**

1  trade because of the bootloop defect and they are not fit for the ordinary purposes for
2  which phones are to be used.

3      87.    Defendants breached the implied warranty of merchantability by
4  manufacturing and selling V10 smartphones containing the bootloop defect.
5  Furthermore, these Defects have caused Plaintiff and the other Class members to not
6  receive the benefit of their bargain.

7      88.    As a direct and proximate result of Defendants' breach of the implied
8  warranty of merchantability, Plaintiff and the other Class members received goods
9  whose defective condition substantially impairs their value to Plaintiff and the other
10  Class members.  Plaintiff and the other Class members have been damaged as a result
11  of the diminished value of LG's products, the products' malfunctioning, and the
12  nonuse of their V10 smartphones .

13      89.    Plaintiff and the other Class members have had sufficient direct dealings
14  with either Defendants or their agents (*e.g.*, dealerships and technical support) to
15  establish privity of contract between LG or LGEMU on one hand, and Plaintiff and
16  each of the other Class members on the other hand.  Nonetheless, privity is not required
17  here because Plaintiff and each of the other Class members are intended third-party
18  beneficiaries of contracts between LG or LGEUM and their dealers, and specifically,
19  of Defendants' implied warranties.  The dealers were not intended to be the ultimate
20  consumers of the V10 smartphones and have no rights under the warranty agreements
21  provided with the V10 smartphones; the warranty agreements were designed for and
22  intended to benefit the consumers only.

23      90.    Pursuant to CAL. CIV. CODE §§ 1791.1(d) & 1794, Plaintiff and the other
24  Class members are entitled to damages and other legal and equitable relief, including,
25  at their election, the purchase price of their V10 smartphones, or the overpayment or
26  diminution in value of their V10 smartphones.

27      91.    Pursuant to CAL. CIV. CODE § 1794, Plaintiff and the other Class members
28  are entitled to costs and attorneys' fees.

# COUNT VII

## VIOLATION OF THE MAGNUSSON-MOSS

## WARRANTY ACT, 15 U.S.C. §§ 2301, *et seq.* ("MMWA")

92.     Plaintiff realleges and incorporates the allegations above as if fully set forth herein.

93.     Plaintiff and Class members are "consumers" within the meaning of the MMWA.  *See* 15 U.S.C. § 2301(3).

94.     The Phones are "consumer products" within the meaning of the MMWA. *See* 15 U.S.C. § 2301(1).

95.     Defendants are "suppliers" and "warrantors" within the meaning of the MMWA.  *See* 15 U.S.C. § 2301(4)-(5).

96.     Section 2310(d) of the MMWA provides a cause of action for consumers who are harmed by the failure of a warrantor to comply with a written or implied warranty.

97.     Defendants' express warranties are written warranties within the meaning of Section 2301(6) of the MMWA. The Phones' implied warranties are accounted for under Section 2301(7) of the MMWA, which warranties Defendants cannot disclaim under the MMWA, when they fail to provide merchantable goods.

98.     As set forth herein, Defendants breached their warranties with Plaintiff and Class members.

99.     Additionally, 15 U.S.C. § 2304(d) provides in pertinent part:

> [T]he warrantor may not assess the consumer for any costs the warrantor or his representatives incur in connection with the required remedy of a warranted consumer product. . . . [I]f any incidental expenses are incurred because the remedy is not made within a reasonable time or because the warrantor imposed an unreasonable duty upon the consumer as a condition of securing remedy, then the consumer shall be entitled to recover reasonable incidental expenses which are so incurred in any action against the warrantor.

*Id.*

100.     The V10 phones share a common defect in that they are prone to failing prematurely.

101.     Despite demands by Plaintiff and the Class for Defendants to pay the expenses associated with diagnosing and repairing the defective phones, Defendants have refused to do so.

102.     As a direct and proximate result of Defendants' breach of implied and express warranties pursuant to 15 U.S.C. § 2310(d)(1), Plaintiff and Class members have suffered damages in an amount to be proven at trial.

103.     Plaintiff and the other Class members would suffer economic hardship if they returned their Phones but did not receive the return of all payments made by them.  Because Defendants are refusing to acknowledge any revocation of acceptance and return immediately any payments made, Plaintiff and the other Class members have not re-accepted their Phones by retaining them.

104.     The amount in controversy of Plaintiff's individual claims meets or exceeds the sum of $25.  The amount in controversy of this action exceeds the sum of $50,000, exclusive of interest and costs, computed on the basis of all claims to be determined in this lawsuit.

105.     Plaintiff and Class members are entitled to recover damages as a result of Defendants' breach of warranties.

106.     Plaintiff and Class members are also entitled to seek costs and expenses, including attorneys' fees, under the MMWA.  *See* 15 U.S.C. § 2310(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and similarly situated members of the Class, respectfully requests that this Court:

(a)     Determine that this action is a proper class action, certifying Plaintiff as a class  representative under Federal Rule of Civil Procedure 23 and Plaintiff's counsel  as Class Counsel;

(b)     Award all actual, general, special, incidental, statutory, punitive and

27

1        consequential damages to which Plaintiff and Class members are entitled;

2    (c)    Award pre-judgment and post-judgment interest on such monetary relief;

3    (d)    Grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendants to repair, recall, and/or replace the Phones and to extend the applicable warranties to a reasonable period of time, or, at a minimum, to provide Plaintiff and Class members with appropriate curative notice regarding the existence and cause of the Defect;

(e)    Award Plaintiff and Class members their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(f)    Award such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial for all claims so triable.

Dated: February 8, 2017        Respectfully submitted,

By:    */s/ Brian S. Kabateck*
Brian S. Kabateck
bsk@kbklawyers.com
Drew R. Ferrandini
df@kbklawyers.com
Lina B. Melidonian
lm@kbklawyers.com
**KABATECK BROWN KELLNER LLP**
Engine Company No. 28 Building
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Brian D. Chase
bchase@bisnarchase.com
Jerusalem F. Beligan
jbeligan@bisnarchase.com
**BISNAR | CHASE LLP**
One Newport Place
1301 Dove Street, Suite 120
Newport Beach, CA 92626
Telephone: (949) 752-2999
Facsimile: (949) 752-2777

28

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Benjamin F. Johns (*pro hac vice*)
BFJ@chimicles.com
Andrew W. Ferich (*pro hac vice*)
AWF@chimicles.com
Jessica L. Titler (*pro hac vice*)
JT@chimicles.com
**CHIMICLES & TIKELLIS LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633

*Counsel for Plaintiff and Putative Class*

CLASS ACTION COMPLAINT