Brian S. Kabateck
Drew R. Ferrandini
Lina B. Melidonian
KABATECK BROWN KELLNER LLP
Engine Company No. 28, Bldg. 644
South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000
Email: bsk@kbklawyers.com
Email: df@kbklawyers.com
Email: lm@kbklawyers.com

Counsel for Plaintiff and Putative Class

[Additional Counsel On Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSCAR HERRERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS USA, INC. and LG ELECTRONICS MOBILECOMM U.S.A., INC.,<br><br>Defendants. | Case No. 2:17-cv-01039-MWF-PLA<br><br>**CLASS ACTION** |

**AGREED UPON BRIEFING STIPULATION**

**WHEREAS**, Plaintiff Oscar Herrera (“Plaintiff”) filed this putative class action against Defendants LG Electronics USA, Inc. and LG Electronics Mobilecomm U.S.A., Inc. (“Defendants”) on February 8, 2017;

**WHEREAS,** Plaintiff served Defendants with the complaint and summons on February 10;

**WHEREAS,** Plaintiff's counsel has conferred with counsel for Defendants, and has advised that Plaintiff intends to file an amended complaint;

**WHEREAS**, Defendants have not yet responded to the complaint in this case and their response is currently due on March 3, 2017;

**WHEREAS,** Local Rule 23-3 provides that, unless otherwise ordered by the Court, Plaintiff must file a motion for class certification within 90 days after service of a complaint purporting to commence a class action, *i.e.* by May 11, 2017;

**WHEREAS,** the Ninth Circuit has recently stated that "the schedule contemplated by Central District of California Local Rule 23-3, when considered alongside federal rules regarding status conferences and the timing of discovery, is quite unrealistic in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage." *See Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694, 696 (9th Cir. 2016). For example, in *Wal-Mart Stores, Inc. v. Dukes*, the Supreme Court, stated that "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." 564 U.S. 338, 350 (2011); *see also* FED. R. CIV. P. 23;

**WHEREAS**, Plaintiff's counsel anticipates that the fact and expert discovery necessary to support or oppose a class certification motion in this case will require significantly more time than contemplated by the Local Rule 23-3 deadline for filing a motion for class certification;

**WHEREAS,** Defendants agree to the briefing schedule set forth below and do not oppose Plaintiff's request for relief from Rule 23-3, but expressly reserve all arbitration rights; and Plaintiff agrees that Defendants have not waived any such rights by entering into this stipulation, but Plaintiff makes no other agreement regarding the substance or applicability of those rights.

**WHEREAS**, subject to approval by the Court the parties agree to the following:

1. Plaintiff shall file an amended complaint within 30 days from the date of this order.

2. Defendants shall file their response to the amended complaint within 30 days after it is filed. Defendants need not respond to the initial complaint.

3. In the event that a motion to dismiss or motion to compel arbitration is filed by Defendants, Plaintiff will have 30 days to file an opposition. Defendants will then have 15 days to file a reply.

4. Plaintiff shall be exempted from the Local Rule 23-3 requirement that a motion for class certification be filed within 90 days of service of the initial pleading. The Court will set a deadline for the filing of Plaintiff's anticipated

motion for class certification at the initial Rule 26 conference, or at a later time to be determined.

AGREED TO BY:

By: */s/ Benjamin F. Johns*

Benjamin F. Johns (pro hac vice)
Andrew W. Ferich(pro hac vice)
Jessica Titler (pro hac vice)
**CHIMICLES & TIKELLIS LLP**
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Phone: (610) 642-8500
Fax: (610) 649-3633
Email: bfj@chimicles.com
Email: AWF@chimicles.com
Email: JT@chimicles.com

Brian S. Kabateck
Drew R. Ferrandini
Lina B. Melidonian
**KABATECK BROWN KELLNER LLP**
Engine Company No. 28, Bldg. 644
South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000
Email: bsk@kbklawyers.com
Email: df@kbklawyers.com
Email: lm@kbklawyers.com

Brian D. Chase
Jerusalem F. Beligan
**BISNAR CHASE LLP**
One Newport Place
1301 Dove Street, Suite 120
Newport Beach, CA 92626
Email: bchase@bisnarchase.com
Email: jbeligan@bisnarchase.com

*Counsel for Plaintiff and the Proposed Class*

By: */s/ Joanna K. Chan*

Joanna K. Chan
Nathaniel P. T. Read, Esq.
(pro hac vice to be submitted)
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, NY 10022
Telephone: (212) 957-7600
Facsimile: (212) 957-4514
Email: jchan@cohengresser.com
Email: nread@cohengresser.com

*Counsel for Defendants LG Electronics USA, Inc. and LG Electronics Mobilecomm U.S.A., Inc.*

**CERTIFICATE OF SERVICE**

I, Benjamin F. Johns, certify that on March 1, 2017, I caused the foregoing [Proposed] Order and Agreed Upon Briefing Stipulation to be filed using the Court's CM/ECF system, thereby causing it to be served upon all registered ECF users in this case.

*Benjamin F. Johns*
Benjamin F. Johns